# ANTONIO RODRIGUEZ Y GARCIA

*v.*

# NORTH GERMAN FIRE INSURANCE COMPANY.

ACTION ON INSURANCE POLICY—CONDITIONS OF POLICY—PROOFS—WAIVER OF PROOFS.

1. An insurance company may require notice of a fire within a reasonable time after its occurrence, and also proofs of loss within a reasonable time.
2. If the company notifies the insured he need not furnish them, or if they are furnished after the time specified in the policy, and it makes no objection to them within a reasonable time, this amounts to a waiver.
3. An insurance policy on a stock of goods embraces the goods substituted in the usual course of business for those sold.

November 10, 1902.

*Mr. T. D. Mott, Jr.,* for plaintiff.

*Messrs. Dexter & Hord* for defendant.

HOLT, Judge, gave the following charge to the jury:

You have listened carefully to the evidence, and it now becomes my duty to tell you what I consider the law of the

---

*Insurance—proofs of loss.* As to forfeiture by failure to furnish proofs of loss within a stipulated time, see editorial note to Steele v. German Ins. Co. 18 L. R. A. 85.

Rodriguez y Garcia v. North German F. Ins. Co.

case, and which you are required to accept; it being your province, however, to determine the facts according to the evidence. You act in this character of a case, as it is a civil action, upon the preponderance of the testimony,—unlike as in a criminal case, where the defendant must be proven guilty to the exclusion of a reasonable doubt to authorize a conviction.

You have already learned from the testimony that this is an action by Antonio Rodriguez y Garcia against the North German Fire Insurance Company upon a policy of insurance, which insured a certain stock of goods against loss by fire in the sum of $6,000.

There is testimony tending to show that there was a house occupied by the plaintiff, which contained some six or seven rooms, and that in three of them merchandise was stored; or I will call two of them, by way of distinguishing them, as "rooms," and the third as an "annex." It is so known in some of the papers and testimony. It is agreed by both parties that this insurance was $6,000 on merchandise in rooms 1 and 2. There is testimony tending to show that room 1 was by far the largest, room 2 not so large, and the annex smaller than room 1 and perhaps smaller than room 2. You have nothing to do with what merchandise may have been in the annex, or room 3. There is testimony tending to show that this insurance was made on March 10th, 1901, there being at that time other insurance upon the same stock of goods to the amount of $6,000. There is evidence tending to show that the merchandise in the annex, or room 3, was insured in a different amount,—the sum of $1,800 is my recollection,—but you have nothing to do with that. There is testimony tending to show that on the night of November 12th, 1901, the merchandise, for the most part, in rooms 1 and 2, was destroyed by fire. There is testimony tending to show that, on the next day and within twenty-four hours, notice was

Rodriguez y Garcia v. North German F. Ins. Co.

given to the local agent of the company of the loss. There was a provision in the policy that this notice should be given within twenty-four hours. There is testimony tending to show that this was done. A condition of that kind is for the benefit of the company,—of the insurer; and if it affords a reasonable time within which to give such a notice, then such condition is binding. It is proper that an insurance company should have notice, within as reasonable time as it well can, of a fire, in order that it may take the proper steps to protect itself.

One of the defenses presented in this case is that no proper proofs of loss were furnished. There is also a condition in this policy that proofs of loss shall be furnished by the assured, signed by him, to the insurer. The policy does not provide within what time that shall be done; but it should be done within a reasonable time under all the circumstances. It, however, is also for the company's benefit, and if the company receives proofs of loss, and makes no objection as to the time within which they are received, or makes no objection to their character; in other words, if the proofs are defective in any way, and the company makes no objection to their character, and acts in such a way that a reasonable man would understand that the company was making no objection to the proofs of loss in any way,—then that is a waiver in law of the time within which they were to be furnished, and of their character. In other words, for instance, if your building burns up, and the policy requires that you furnish proofs of loss, and you do furnish those proofs to the company, and after delivering them they give you no notice within a reasonable time of objection to them, and propose to pay you something on the loss, or say to you that they will submit it to their head officers in New York or Europe and advise you of the result later, and you receive no further notice of objection to them,—then that would

be a waiver; and a reasonable man would have the right to presume that they had waived any objection to the character of the proofs, or the time within which they were furnished.

If you believe from the testimony that within twenty-four hours notice was given to the local agent of the company of this loss, and if you further believe that afterwards plaintiff proposed to furnish proofs of loss, and defendant's agent told him it was useless; or it furnished them, and no objections were made to their character,—that, in law, was a waiver of their being furnished, or of any defect in them. There is the general issue in this case that the defendant did not promise as claimed by the plaintiff, which puts in issue the amount of the loss, in other words, everything that is alleged by the plaintiff in the declaration.

If you should find for the plaintiff, it may trouble you to say what you ought to find in damages. The testimony, as is usual in such cases, is conflicting. You, as a jury, must arrive at a conclusion from all the testimony, considering it all and using your best judgment as to it, to find the actual loss.

A policy of insurance is not made for the purpose of a man making a profit, but only to indemnify him in his loss,—to make him even and whole. I say to you, as a matter of law, that where there is insurance on a stock of goods, that the policy reaches out and embraces other goods that may be put in by way of substitution in the place of those that may be sold. This arises from the necessity of the case. No merchant would insure a stock of goods unless that were the law. He could never sell anything, and would have to keep the same stock of goods on hand all the time. Therefore, where there is a policy of insurance on a stock of goods, that policy reaches out and embraces other goods that may be substituted, in the usual course of business, in the place of the goods sold. In other words,

Rodriguez y Garcia v. North German F. Ins. Co.

if you believe from all the testimony that this stock of goods was insured on March 10th, 1901, in rooms 1 and 2, although there were changes in the stock by sales and substitution of other goods in their place, yet the policy of insurance, in law, covered the stock of goods that existed on the 12th of November, 1901, when the fire occurred.

If you find for the plaintiff, the main question is the amount of the loss. You cannot find for the plaintiff any more than the face of the policy,—$6,000; you cannot go beyond that in any event, nor can you find for the plaintiff in any event, beyond the amount of his loss. You would first, I take it, ascertain from all the testimony the value of the goods that were destroyed in rooms 1 and 2. You should take from that the value of the goods that were saved. That would leave the total loss of this insured party upon the goods in rooms 1 and 2. Then, as there was an equal amount of insurance upon this loss, you would divide that loss equally, because in any event you could only find for the plaintiff, as against this company, one half of that loss; and upon that one half you may, or not, in your discretion, give legal or 6 per cent interest from the time the demand was made for the payment and a reasonable opportunity given to pay it, in all not to exceed $7,500, that being the sum claimed in the declaration.

It rests upon the plaintiff to make out a prima facie case, but you determine and find your verdict from a preponderance of all the testimony. You are the judges of the credibility of any witness. That may be affected, to some extent, by his interest; and you may judge of it by any conflicting statements that he may have made. In other words, you are to give it such weight as in your judgment you think it is entitled to; and you are to consider the opportunity of the witness to testify about what he is testifying, and everything of that character.